UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICO MATA-VILLA and ARIEL JAVIER, <br><br>         Petitioners, <br><br>     v. <br><br> MICHAEL BENOV, <br><br>         Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:13-cv-00492 LJO GSA HC <br><br> ORDER DISMISSING PETITIONER ARIEL JAVIER FROM PETITION <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

  Petitioners[1] are federal prisoners proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

  On April 8, 2013, the Court issued an order directing Petitioners to complete and return a consent/decline form within thirty (30) days of the date of service of the Order. Over thirty (30) days passed and Petitioners failed to comply. On May 8, 2013, the order served on Petitioner Mata-Villa

---

[1] The Court notes that Petitioner Frederico Mata-Villa has included a second petitioner, Ariel Javier, on the first page of the petition as a joint petitioner. Petitioners are advised that the petition may only include one petitioner. Petitioner Javier must file a separate petition. Moreover, the petition itself centers on Petitioner Mata-Villa and is signed only by Petitioner Mata-Villa. Therefore, Petitioner Javier will be dismissed from the petition.

1

was returned by the U.S. Postal Service as undeliverable with notation that Petitioner was no longer at the institution.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty-three days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since April 8, 2013. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner Ariel Javier is DISMISSED from the petition;

2) The petition for writ of habeas corpus is DISMISSED for failure to prosecute and failure to comply with a court order; and

3) The Clerk of Court is DIRECTED to enter judgment and terminate the action.

IT IS SO ORDERED.

Dated:   **July 15, 2013**                             **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE